**In re Rocky Ennis MAHON, Shirley Jean Mahon, Debtors.**

**Rocky Ennis MAHON, et ux., Plaintiffs,**

v.

**UNITED STATES of America/FARMERS HOME ADMINISTRATION, Defendant.**

**Bankruptcy No. 7–86–01821–BKC–HP3. Adv. No. 7–87–0098.**

United States Bankruptcy Court, W.D. Virginia, Big Stone Gap Division.

Feb. 4, 1988.

James E. Rasnic, Rasnic & Rasnic, Jonesville, Va., for debtors/plaintiffs.

Jerry W. Kilgore, Asst. U.S. Atty., Roanoke, Va., for defendant.

Cynthia D. Kinser, Pennington Gap, Va., trustee.

## MEMORANDUM OPINION

H. CLYDE PEARSON, Chief Judge.

The sole issue before the court, as stipulated by the parties, is whether a Farmers Home Administration (FmHA) financing statement sufficiently describes collateral owned by the debtor so as to perfect FmHA's lien on said collateral.

The following undisputed facts appear from the pleadings and stipulations. On August 28, 1983, a "Financing Statement" was filed in the Circuit Court Clerk's Office in Lee County, Virginia. This financing statement listed as debtors Rocky and Shirley Mahon and listed as the secured party the United States, acting through the Farmers Home Administration.

The financing statement contained the following language:

"This Financing Statement covers the following types or items of collateral, including proceeds and products thereof: crops, livestock, other farm products, farm and other equipment, supplies and inventory."

The statement then went on to list the approximate size and location of the Mahon's farm. It was signed by both Mr. and

Mrs. Mahon as debtors and by the Lee County supervisor for the FmHA.

In 1986, the Mahons filed a Chapter 7 petition in this court setting apart in their homestead exemption deed the collateral in issue. The FmHA subsequently filed a claim and sought abandonment by the trustee of certain items of farm equipment and implements covered by a security agreement with the Mahons. The security agreement lists, among other things, a tractor, cultivator, plow, disc, corn picker and tobacco setter.

Only the *perfection* of the FmHA's security interest is before the court. It is the position of the debtors/plaintiffs that the financing statement does not sufficiently describe the collateral so as to put a reasonable person on notice of a possible security agreement as required by Sections 8.9–402 and 8.9–110 of the Virginia Code. The debtors therefore allege that the FmHA does not have a valid security interest in their farm equipment and that they are entitled to possession of said equipment free and clear of liens pursuant to their homestead exemption.

The U.C.C. (and Virginia's adoption thereof) contemplates a system of notice filing. The scheme simply contemplates that, by properly filing a "financing statement," a creditor can *perfect* his security interest in the Debtor's collateral by putting the world on notice of his interest.

The financing statement need not list collateral specifically. It is meant only to give notice of a *possible* security interest in the described collateral. It imposes upon the world a further duty of *reasonable inquiry* into the existence and content of a security interest in the subject collateral. *In re Varney Wood Products*, 458 F.2d 435, 436–437 (4th Cir.1972).

In putting the world on notice, the financing statement need only "contain(s) a statement indicating the types, or describing the items, of collateral." Va.Code Ann. § 8.9–402 (1987). The sufficiency of said description is further governed by § 8.9–110, which mandates that the description is sufficient "if it reasonably identifies what is described."

A review of applicable case law makes it clear that a financing statement meets its burden of giving reasonable notice fairly easily. "All that is required ... is that the financing statement be sufficiently descriptive so as reasonably to generate further inquiry." *In re Varney Woods, supra,* at 437.

This court has previously held that a security agreement containing questionable descriptions of personal property, filed in lieu of a "financing statement," was nevertheless sufficient under Virginia law to put a person on notice to further investigate the security interest. *Costner's Furn., Inc. v. Cawthorn (In re Cawthorn)* 1 B.R. 267 (B.C.W.D.Va.1979).

In a case closer to the case at bar, the Bankruptcy Court for the Eastern District of Virginia has declared that the words "machinery and equipment," by themselves, "sufficiently describe(d) the 'types' of collateral...." and therefore were also sufficient to satisfy the notice requirements of § 8.9–402. *Canfield v. SBA (In re Tebbs Const. Co., Inc.)* 39 B.R. 742, 747 (B.C.E.D.Va.1984).

After maturely considering the stipulated evidence before it, this court is of the opinion that the financing statement filed by the FmHA is sufficient as a matter of law to put any interested party on notice of possible liens on the Mahon's tractor, plow, etc. A person reading the words "this financing statement covers farm and other equipment" would be on notice that a tractor or plow was encumbered by a lien. The financing statement simply does not need to describe the collateral; it need only indicate the "type." If one were to choose a general term to collectively describe a tractor, cultivator, plow, disc, corn picker and tobacco setter, the term "farm equipment" would be a logical description.

The FmHA's security interest in the above-mentioned equipment is hereby held to be properly perfected.

An appropriate order will enter.